UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL LEONARD THOMAS,**

    **Plaintiff,**

v.                                                                                  Case No: 8:23-cv-1699-MSS-TGW

**MATTHEW BEEBE, DOUGLAS BURKE, AL NIENHUIS, AL NIENHUIS and RANDAL ORMAN,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss filed by Defendants Matthew Beebe, Douglas Burke, and Al Nienhuis, (Dkt. 24), and Plaintiff's response in opposition thereto. (Dkt. 33) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

**I.     BACKGROUND**

Plaintiff initiated this action against Defendants on July 31, 2023. (Dkt. 1) In the operative Amended Complaint (the "Complaint"), Plaintiff sues Defendants Beebe and Burke in their individual capacities under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment to the U.S. Constitution, including unlawful entry, unlawful arrest, false imprisonment, and malicious prosecution. (Dkt. 23 at 4–5)

Plaintiff also sues Defendants Beebe and Burke for trespass under state law. (Id. at 5) Finally, Plaintiff sues Defendant Nienhuis in his official capacity as Hernando County Sheriff because Plaintiff alleges he imposes a policy under which his deputies make arrests without probable cause and fabricate police reports. (Id. at 6)

In support of his claims, Plaintiff alleges the following facts. In March 2020, Plaintiff and his wife were going through a divorce. (Id. at ¶ 1) On March 5, 2020, his wife came to his house and demanded he give her the keys to his car, which was registered in Plaintiff's name only. (Id. at ¶ 2) When Plaintiff refused, his wife called the Sheriff's Office. (Id.) Sheriff's deputies responded to her call, but determined the dispute was a civil matter, and left. (Id.)

Then, Plaintiff's wife called a locksmith to make keys to Plaintiff's car. (Id. at ¶ 3) When the locksmith arrived, Plaintiff told the locksmith to get off his property. (Id.) At the time, Plaintiff was sitting in his garage with the garage door open. (Id.) The locksmith did not leave as Plaintiff asked him to. (Id.)

Thirty minutes later, Sheriff's deputies returned, and Plaintiff met them outside his home. (Id. at ¶ 4) He explained to the deputies that the car was registered in his name only and that the locksmith had not left his property despite being asked to do so. (Id.) Plaintiff told the deputies and the locksmith to leave his property, went into the garage, and closed the garage door. (Id.) Plaintiff's wife, the locksmith, and the deputies remained outside. (Id. at ¶ 5)

Fifteen minutes later, three deputies came through the front door of Plaintiff's house, through the laundry room, and into the garage. (Id.) Then, the deputies arrested

2

Plaintiff for misdemeanor battery. (Id.) The deputies fabricated their police reports to support their having probable cause to arrest Plaintiff. (Id. at ¶ 4) The deputies did so in accordance with a policy promulgated by Defendant Nienhuis, (id. at ¶ 8), and their behavior is explained by Hernando County Sheriff's deputies' receipt of bonuses based upon number of arrests rather than number of convictions. (Id. at ¶ 4)

The three deputies failed to advise the State Attorney that when they entered Plaintiff's home, they did not have a warrant, Plaintiff had not consented to their entry, and no exigent circumstances justified their entry. (Id. at ¶ 7) After initiating a case against Plaintiff for misdemeanor battery, State v. Thomas, No. 27-2020-MM-000707 (Fla. Hernando Cnty. Ct. Mar. 9, 2020), the State Attorney entered a notice of *nolle prosequi*. (Id. at ¶ 6)

Defendants Burke, Beebe, and Nienhuis move to dismiss the Complaint. (Dkt. 24) Defendants Burke and Beebe raise qualified immunity as a defense to Plaintiff's claims, and contend the Complaint fails to state a claim against them under Fed. R. Civ. P. 12(b)(6). (Id.) Defendant Nienhuis argues Plaintiff fails to allege sufficient facts to support a claim under § 1983 against him. (Id.)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating

3

the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted).[1]

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

### III. DISCUSSION

Upon review of the Motion to Dismiss and Defendants Beebe and Burke's argument as to why Plaintiff fails to state a claim for malicious prosecution, the Court takes judicial notice of the record in the misdemeanor battery case and the subsequent felony proceeding, *sua sponte*. State v. Thomas, No. 27-2020-MM-000707 (Fla. Hernando Cnty. Ct. Mar. 9, 2020); State v. Thomas, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020). The case records show the State Attorney entered a notice of *nolle prosequi* in the misdemeanor case and subsequently pursued a felony battery charge against Plaintiff, which was resolved when Plaintiff entered a plea of *nolo contendere*. See Thomas, No. 27-2020-CF-000521. The Court, therefore, determines Plaintiff pled *nolo contendere* to a charge of felony battery which arose out of his arrest by Defendants Beebe and Burke.

> **a. Plaintiff fails to state a claim under § 1983 against Defendants Beebe and Burke.**

Plaintiff's claims for unlawful entry, false arrest, and false imprisonment under the Fourth Amendment fail because his plea of *nolo contendere* established probable cause for his arrest. Stephens v. DeGiovanni, 852 F.3d 1298, 1319 (11th Cir. 2017). The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. An arrest is a "seizure" within the meaning of the Fourth Amendment, and courts "'assess the reasonableness of an arrest by the presence of probable cause for the arrest.'" Crocker v. Beatty, 995 F.3d 1232, 1243 (11th Cir. 2021) (quoting Carter v. Butts Cnty., 821 F.3d 1310, 1319 (11th Cir. 2016)).

The existence of probable cause bars a Fourth Amendment claim for unlawful entry, false arrest, or false imprisonment. Id. (citations omitted).

Probable cause existed for Plaintiff's arrest. Under Florida law, a plea of *nolo contendere*, or no contest, is considered a conviction. § 960.291(3), Fla. Stat.; Stephens, 852 F.3d at 1319; Hudson v. United States, 272 U.S. 451, 455 (1926) (stating a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case). The Florida Supreme Court has held that a judgment of conviction establishes the existence of probable cause unless the judgment was obtained by fraud, perjury, or other corrupt means. Stephens, 852 F.3d at 1319 (citing Goldstein v. Sabella, 88 So. 2d 910, 911–12 (Fla. 1956)). In Plaintiff's case, the State Attorney filed a *nolle prosequi* in Plaintiff's misdemeanor battery case so the state could initiate a felony battery case against Plaintiff.[2] In the felony battery case, Plaintiff entered a plea of *nolo contendere*.[3] Plaintiff does not allege his plea was obtained by fraud, perjury, or other corrupt means. Thus, under Florida law, Plaintiff's *nolo contendere* plea establishes probable cause for his arrest. Plaintiff therefore fails to state a claim for unlawful entry, unlawful arrest, or false imprisonment under the Fourth Amendment. Counts I, II, III, VI, VII, and VIII are **DISMISSED**.

Similarly, Plaintiff's malicious prosecution claim is due to be dismissed. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of

---

[2] State v. Thomas, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020).
[3] Id.

6

her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). First, as discussed *supra*, Plaintiff cannot show his Fourth Amendment rights were violated. Additionally, however, Plaintiff cannot establish the common law elements of malicious prosecution. Under Florida law, a plaintiff must show that "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff[.]" Id. Plaintiff cannot establish this element of his claim because in Plaintiff's case, the original proceeding did not terminate in his favor. Plaintiff's *nolo contendere* plea constituted a conviction under Florida law. § 960.291(3), Fla. Stat.; Stephens, 852 F.3d at 1319. Thus, the state's prosecution of Plaintiff did not terminate in his favor, and Plaintiff cannot state a claim for malicious prosecution against Defendants. Accordingly, Counts V and X are **DISMISSED WITH PREJUDICE**.

### b. Plaintiff's trespass claims against Defendants Beebe and Burke fail.

Next, Plaintiff's trespass claims against Defendants Beebe and Burke must be dismissed because sovereign immunity protects Defendants in their individual capacities against state law tort claims. Florida's sovereign immunity statute states,

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. Defendants acted within the scope of their employment when they entered Plaintiff's property. Plaintiff alleges no facts to support a finding of bad

7

faith, malicious purpose, or a wanton and willful disregard of human rights, safety, or property. Accordingly, sovereign immunity bars Plaintiff's state law trespass claims, and they must be **DISMISSED**.

### c. Plaintiff fails to allege sufficient facts to support his § 1983 claim against Defendant Nienhuis.

Plaintiff fails to state a § 1983 claim against Defendant Nienhuis based on the alleged policy of making arrests without probable cause and fabricating police reports. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) he was deprived of "rights, privileges or immunities" protected by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of law. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). Plaintiff's suit against Defendant Nienhuis in his official capacity as the Hernando County Sheriff is a suit against Hernando County. Johnson v. Israel, 576 F. Supp. 3d 1231, 1262 (S.D. Fla. 2021) (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (noting that when an officer is sued under § 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent)). Where a local governmental entity is a defendant, a plaintiff must also show that the constitutional deprivation resulted from a custom, policy, or practice of the municipality. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

Plaintiff does not identify a written policy of making arrests without probable cause and fabricating police reports, nor does he allege an oral statement or

pronouncement suggesting the existence of such a policy. Thus, Plaintiff would need to rely on circumstantial evidence of such a policy. However, Plaintiff alleges no facts tending to show the Sheriff's Office has a policy of making or permitting arrests without probable cause and fabricating police reports. For this reason, Plaintiff's claim against Defendant Nienhuis is **DISMISSED WITHOUT PREJUDICE**.

### IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Matthew Beebe, Douglas Burke, and Al Nienhuis, (Dkt. 24), is **GRANTED**. Counts V and X are **DISMISSED WITH PREJUDICE**. Counts I, II, III, IV, VI, VII, VIII, IX, and XVI are **DISMISSED WITHOUT PREJUDICE**.

2. Defendants only requested the Court to take judicial notice of the record in the felony proceeding in the context of Plaintiff's malicious prosecution claim, but the Court *sua sponte* considered these judicially noticed records in its consideration of Plaintiff's Fourth Amendment claims. Plaintiff is therefore afforded an opportunity to respond to this Order to assert that the Court should not have considered the record of the felony proceeding in its determination of the Motion to Dismiss Plaintiff's Fourth Amendment claims, and/or that doing so does not provide a basis for the dismissal of Plaintiff's claims. Plaintiff must file such response on or before July 25, 2024.

3. As to the claims that were dismissed without prejudice, Plaintiff is granted leave to file an amended complaint on or before August 1, 2024. If no amendment is filed in the time permitted, the dismissals shall be with prejudice. Plaintiff is cautioned that asserting a claim without a good faith basis may result in the imposition of sanctions.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of July 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person