UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL LEONARD THOMAS,**

     **Plaintiff,**

**v.**                      **Case No: 8:23-cv-1699-MSS-TGW**

**MATTHEW BEEBE, DOUGLAS
BURKE, AL NIENHUIS, AL
NIENHUIS and RANDAL ORMAN,**

     **Defendants.**

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Responses to the Court's Order Granting the Motion to Dismiss filed by Defendants Matthew Beebe, Douglas Burke, and Al Nienhuis. (Dkts. 39 and 40) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

In the Court's consideration of the Motion to Dismiss Plaintiff's Fourth Amendment claims, the Court *sua sponte* judicially noticed the record of a felony battery proceeding against Plaintiff that arose out of the same facts as the misdemeanor battery proceeding Plaintiff referenced in the Amended Complaint. (Dkt. 36; Dkt. 23 at 3) Because Defendants had only requested the Court take judicial notice of the record in the felony proceeding in the context of Plaintiff's malicious prosecution

claim, the Court afforded Plaintiff the opportunity to respond to the Order granting the Motion to Dismiss the Fourth Amendment claim. (Dkt. 36 at 9) In Plaintiff's responses, he asserts the Court should not have considered the record of the felony proceeding in its determination of the Motion to Dismiss Plaintiff's Fourth Amendment claims, and he contends that the underlying felony conviction does not provide a basis for the dismissal of the claims in this case. (Dkt. 39) Specifically, Plaintiff argues the Court should not consider his felony battery conviction because it is invalid due to the *nolle prosequi* the State Attorney filed in Plaintiff's misdemeanor battery case.

As explained in the Order on the Motion to Dismiss, Plaintiff pled *nolo contendere* to the charge of felony battery against him. Under Florida law, a *nolo contendere* plea establishes probable cause for an arrest. Thus, the Court concluded, Plaintiff's plea precludes him from stating claims for violations of the Fourth Amendment. Crocker v. Beatty, 995 F.3d 1232, 1243 (11th Cir. 2021) (noting the existence of probable cause bars a Fourth Amendment claim for false arrest). The Court also concluded Plaintiff fails to state claims for malicious prosecution. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) ("To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right[s].").

Plaintiff now argues his felony conviction cannot be considered because it is invalid. Specifically, Plaintiff contends the State could not establish a felony battery

charge against him without first convicting him of misdemeanor battery. Since the State *nolle prossed* the misdemeanor battery, Plaintiff argues the felony battery to which he pled is invalid. In support, he cites <u>State v. Woodruff</u>, 676 So. 2d 975 (Fla. 1996).

The Court may not consider arguments based on Plaintiff's contention that his felony battery conviction is invalid. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that people convicted of a crime are barred from filing a civil lawsuit against police or other officials if their claim would necessarily imply that their underlying conviction is invalid. Here, Plaintiff expressly asks this Court to find the underlying felony conviction is invalid and void under <u>Woodruff.</u> The state trial court, however, rejected this argument.[1] When Plaintiff challenged his underlying state conviction in the state appellate court, it was affirmed.[2] The judgment of conviction which resulted from Plaintiff's *nolo contendere* plea in the felony proceeding is final. Thus, that case was adversely and finally resolved against him and cannot serve as a basis for a civil suit for an alleged violation of his constitutional rights.

Plaintiff seeks to pursue officials for injury he claims has stemmed from his arrest and conviction. Because Plaintiff's conviction is final and has been affirmed on appeal, <u>Heck</u> forecloses such an action. As such, the Court hereby **AMENDS** the Order Granting Defendants Beebe, Burke, and Nienhuis's Motion to Dismiss, (Dkt. 36), to **DISMISS** Counts I, II, III, V, VI, VII, VIII, X, and XVI **WITH PREJUDICE**.[3]

---

[1] <u>State v. Thomas</u>, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020).
[2] <u>See</u> <u>Thomas v. State</u>, 2023-3561 (Fla. 5th D.C.A.), filed December 6, 2023, and <u>Thomas v. State</u>, 2023-3563 (Fla. 5th D.C.A.), filed December 6, 2023.
[3] Counts I, II, III, VI, VII, and VIII were previously dismissed without prejudice.

These are Plaintiff's claims under the Fourth Amendment for unlawful entry, unlawful arrest, false imprisonment, and malicious prosecution against Defendants Beebe and Burke, and his claim that Defendant Nienhuis imposes a policy of making arrests without probable cause in violation of the Fourth Amendment.[4]

Plaintiff's trespass claims against Defendants Beebe and Burke are the only claims that remain against these defendants. As discussed in the Order on the Motion to Dismiss, Defendants Beebe and Burke acted within the scope of their employment when they entered Plaintiff's property. Consequently, Plaintiff may only state a claim for trespass against Defendants if he shows Defendants acted in bad faith, with a malicious purpose, or with a wanton and willful disregard of human rights, safety, or property. See § 768.28(9)(a), Fla. Stat. Plaintiff alleges no facts to show Defendants acted in bad faith in the Amended Complaint. The Court permitted Plaintiff leave to file an amended complaint to remedy this insufficiency.

Under Florida law, it is established that Defendants had probable cause to proceed on Plaintiff's property in the scope of their employment. "Generally, courts are reluctant to strip officers of their immunity under [§ 768.28(9)(a)]." Eiras v. Florida, 239 F. Supp. 3d 1331, 1344 (M.D. Fla. 2017). Courts routinely find officers are immune from suit even in cases where officers acted without probable cause. Id. (citations omitted) (collecting cases and noting "not 'every arrest lacking probable cause is made in bad faith' and 'Florida's waiver of sovereign immunity clearly

---

[4] The Court will address Defendant Orman's Motion to Dismiss, (Dkt. 30), by separate order.

contemplates that an agent can commit a wrongful, and even intentional, act and still lack bad faith'") . Accordingly, although Plaintiff is permitted to amend his complaint to allege facts that show Defendants acted with a malicious purpose, or a wanton and willful disregard of human rights, safety, or property, Plaintiff is cautioned that the malice standard creates a high bar. If Plaintiff asserts a claim without a good faith basis, the Court may impose sanctions.

Accordingly, it is hereby **ORDERED**:

1. Counts I, II, III, V, VI, VII, VIII, X, and XVI in the Amended Complaint, (Dkt. 23), are **DISMISSED WITH PREJUDICE**.

2. Counts IV and IX are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint to restate his trespass claims and allege facts to show Defendants acted with a malicious purpose, or a wanton and willful disregard of human rights, safety, or property, to the extent Plaintiff can do so in good faith. Plaintiff may file such amended complaint on or before September 9, 2024.

3. If no amendment is filed in the time permitted, the dismissal of Plaintiff's trespass claims shall be with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of August 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person