**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DERREL LEONARD THOMAS,**

**Plaintiff,**

**v.** **Case No: 8:23-cv-1699-MSS-TGW**

**MATTHEW BEEBE, DOUGLAS BURKE, AL NIENHUIS, AL NIENHUIS and RANDAL ORMAN,**

**Defendants.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss filed by Randal Orman, (Dkt. 30), and Plaintiff's response in opposition thereto. (Dkt. 34) The Court also considers Plaintiff's Responses to the Court's Order Granting the Motion to Dismiss filed by Defendants Matthew Beebe, Douglas Burke, and Al Nienhuis. (Dkts. 39 and 40) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

## I. BACKGROUND

Plaintiff initiated this action against Defendant on December 6, 2023. (Dkt. 23) In the operative Amended Complaint (the "Complaint"), Plaintiff sues Defendant in his individual capacity under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment to the U.S. Constitution, including unlawful entry, unlawful arrest, false

imprisonment, and malicious prosecution. (Dkt. 23 at 6) Plaintiff also sues Defendant for trespass under state law. (Id.)

In support of his claims, Plaintiff alleges the following facts. In March 2020, Plaintiff and his wife were going through a divorce. (Id. at ¶ 1) On March 5, 2020, his wife came to his house and demanded he give her the keys to his car, which was registered in Plaintiff's name only. (Id. at ¶ 2) When Plaintiff refused, his wife called the Sheriff's Office. (Id.) Sheriff's deputies responded to her call, but determined the dispute was a civil matter, and left. (Id.)

Then, Plaintiff's wife called a locksmith to make keys to Plaintiff's car. (Id. at ¶ 3) When the locksmith arrived, Plaintiff told the locksmith to get off his property. (Id.) At the time, Plaintiff was sitting in his garage with the garage door open. (Id.) The locksmith did not leave as Plaintiff asked him to. (Id.)

Thirty minutes later, Sheriff's deputies returned, and Plaintiff met them outside his home. (Id. at ¶ 4) He explained to the deputies that the car was registered in his name only and that the locksmith had not left his property despite being asked to do so. (Id.) Plaintiff told the deputies and the locksmith to leave his property, went into the garage, and closed the garage door. (Id.) Plaintiff's wife, the locksmith, and the deputies remained outside. (Id. at ¶ 5)

Fifteen minutes later, three deputies came through the front door of Plaintiff's house, through the laundry room, and into the garage. (Id.) Then, the deputies arrested Plaintiff for misdemeanor battery. (Id.) The deputies fabricated their police reports to support their having probable cause to arrest Plaintiff. (Id. at ¶ 4)

The three deputies failed to advise the State Attorney that when they entered Plaintiff's home, they did not have a warrant, Plaintiff had not consented to their entry, and no exigent circumstances justified their entry. (Id. at ¶ 7) After initiating a case against Plaintiff for misdemeanor battery, State v. Thomas, No. 27-2020-MM-000707 (Fla. Hernando Cnty. Ct. Mar. 9, 2020), the State Attorney entered a notice of *nolle prosequi*. (Id. at ¶ 6)

Defendant moves to dismiss the Complaint. (Dkt. 30) Defendant raises qualified immunity as a defense to Plaintiff's claims, and contends the Complaint fails to state a claim against him under Fed. R. Civ. P. 12(b)(6). (Id.)

The Court previously granted the Motion to Dismiss filed by Defendants Beebe, Burke, and Nienhuis. (Dkt. 36) In the Court's consideration of these Defendants' Motion to Dismiss, the Court *sua sponte* judicially noticed the record of a felony battery proceeding against Plaintiff that arose out of the same facts as the misdemeanor battery proceeding Plaintiff referenced in the Amended Complaint. (Dkt. 36; Dkt. 23 at 3) Because Defendants had only requested the Court take judicial notice of the record in the felony proceeding in the context of Plaintiff's malicious prosecution claim, the Court afforded Plaintiff the opportunity to respond to the Order granting the Motion to Dismiss the Fourth Amendment claims. (Dkt. 36 at 9) In Plaintiff's Response, he asserted the Court should not have considered the record of the felony proceeding in its determination of the Motion to Dismiss Plaintiff's Fourth Amendment claims, and he contended that the underlying felony conviction did not provide a basis for the dismissal of the claims in this case. (Dkt. 39) Specifically, Plaintiff argued the Court

should not consider his felony battery conviction because it is invalid due to the *nolle prosequi* the State Attorney filed in Plaintiff's misdemeanor battery case.

Upon review of Plaintiff's Responses, the Court concluded Plaintiff's constitutional claims against Defendants Beebe, Burke, and Nienhuis were foreclosed by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). (Dkt. 41) Accordingly, the Court dismissed Plaintiff's constitutional claims against those defendants with prejudice. (Id.) Notably, Plaintiff's claims against Defendant Orman are identical to those Plaintiff asserted against Defendants Beebe and Burke.

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a

complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted).[1]

## III. DISCUSSION

The Court takes judicial notice of the record in the misdemeanor battery case and the subsequent felony proceeding, *sua sponte*. State v. Thomas, No. 27-2020-MM-000707 (Fla. Hernando Cnty. Ct. Mar. 9, 2020); State v. Thomas, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020). The case records show the State Attorney entered a notice of *nolle prosequi* in the misdemeanor case and subsequently pursued a felony battery charge against Plaintiff, which was resolved when Plaintiff entered a plea of *nolo contendere*. See Thomas, No. 27-2020-CF-000521. The Court, therefore,

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

determines Plaintiff pled *nolo contendere* to a charge of felony battery that arose out of his arrest by Defendant.

In his Response, Plaintiff argued the Court cannot consider his felony conviction because it is invalid. (Dkt. 39) Specifically, Plaintiff contended the State could not establish a felony battery charge against him without first convicting him of misdemeanor battery. Since the State *nolle prossed* the misdemeanor battery, Plaintiff argued the felony battery to which he pled is invalid. In support, he cited State v. Woodruff, 676 So. 2d 975 (Fla. 1996). The state trial court, however, rejected this argument.[2] When Plaintiff challenged his underlying state conviction in the state appellate court, it was affirmed.[3] The judgment of conviction that resulted from Plaintiff's *nolo contendere* plea in the felony proceeding is final. Thus, that case was adversely and finally resolved against him and cannot serve as a basis for a civil suit for an alleged violation of his constitutional rights.

**a. Plaintiff fails to state a claim under § 1983 against Defendant.**

Plaintiff's claims for unlawful entry, false arrest, and false imprisonment under the Fourth Amendment fail because his plea of *nolo contendere* established probable cause for his arrest. Stephens v. DeGiovanni, 852 F.3d 1298, 1319 (11th Cir. 2017). The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. An arrest is a "seizure" within the meaning of the

---

[2] State v. Thomas, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020).

[3] See Thomas v. State, 2023-3561 (Fla. 5th D.C.A.), filed December 6, 2023, and Thomas v. State, 2023-3563 (Fla. 5th D.C.A.), filed December 6, 2023.

Fourth Amendment, and courts "'assess the reasonableness of an arrest by the presence of probable cause for the arrest.'" Crocker v. Beatty, 995 F.3d 1232, 1243 (11th Cir. 2021) (quoting Carter v. Butts Cnty., 821 F.3d 1310, 1319 (11th Cir. 2016)). The existence of probable cause bars a Fourth Amendment claim for unlawful entry, false arrest, or false imprisonment. Id. (citations omitted).

Probable cause existed for Plaintiff's arrest. Under Florida law, a plea of *nolo contendere*, or no contest, is considered a conviction. § 960.291(3), Fla. Stat.; Stephens, 852 F.3d at 1319; Hudson v. United States, 272 U.S. 451, 455 (1926) (stating a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case). The Florida Supreme Court has held that a judgment of conviction establishes the existence of probable cause unless the judgment was obtained by fraud, perjury, or other corrupt means. Stephens, 852 F.3d at 1319 (citing Goldstein v. Sabella, 88 So. 2d 910, 911–12 (Fla. 1956)). In Plaintiff's case, the State Attorney filed a *nolle prosequi* in Plaintiff's misdemeanor battery case so the state could initiate a felony battery case against Plaintiff.[4] In the felony battery case, Plaintiff entered a plea of *nolo contendere*.[5] Plaintiff does not allege his plea was obtained by fraud, perjury, or other corrupt means. Thus, under Florida law, Plaintiff's *nolo contendere* plea establishes probable cause for his arrest. Plaintiff therefore fails to state a claim for unlawful entry, unlawful arrest, or false imprisonment under the Fourth Amendment.

---

[4] State v. Thomas, No. 27-2020-CF-000521 (Fla. 5th Cir. Ct. Mar. 30, 2020).

[5] Id.

Additionally, the Court may not consider arguments based on Plaintiff's contention that his felony battery conviction is invalid. Heck v. Humphrey, 512 U.S. 477 (1994) (holding that people convicted of a crime are barred from filing a civil lawsuit against police or other officials if their claim would necessarily imply that their underlying conviction is invalid). Plaintiff seeks to pursue officials for injury he claims has stemmed from his arrest and conviction. Because Plaintiff's conviction is final and has been affirmed on appeal, Heck forecloses such an action.

Thus, Counts XI, XII, and XIII are **DISMISSED WITH PREJUDICE**.

Similarly, Plaintiff's malicious prosecution claim against Defendant is due to be dismissed. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). First, as discussed *supra*, Plaintiff cannot show his Fourth Amendment rights were violated. Additionally, however, Plaintiff cannot establish the common law elements of malicious prosecution. Under Florida law, a plaintiff must show that "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff[.]" Id. Plaintiff cannot establish this element of his claim because in Plaintiff's case, the original proceeding did not terminate in his favor. Plaintiff's *nolo contendere* plea constituted a conviction under Florida law. § 960.291(3), Fla. Stat.; Stephens, 852 F.3d at 1319. Thus, the state's prosecution of Plaintiff did not terminate

in his favor, and Plaintiff cannot state a claim for malicious prosecution against Defendant. Accordingly, Count XV is **DISMISSED WITH PREJUDICE**.

**b. Plaintiff's trespass claim against Defendant fails.**

Next, Plaintiff's trespass claim against Defendant must be dismissed because sovereign immunity protects Defendant in his individual capacity against state law tort claims. Florida's sovereign immunity statute states,

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. Defendant acted within the scope of his employment when he entered Plaintiff's property. Plaintiff alleges no facts to support a finding of bad faith, malicious purpose, or a wanton and willful disregard of human rights, safety, or property. For this reason, sovereign immunity bars Plaintiff's state law trespass claim, and it must be **DISMISSED**.

The Court will permit Plaintiff to amend the Complaint to allege facts that show Defendant acted with a malicious purpose, or a wanton and willful disregard of human rights, safety, or property. Under Florida law, however, it is established that the defendant deputies had probable cause to proceed on Plaintiff's property in the scope of their employment. "Generally, courts are reluctant to strip officers of their immunity under [§ 768.28(9)(a)]." Eiras v. Florida, 239 F. Supp. 3d 1331, 1344 (M.D. Fla. 2017). Courts routinely find officers are immune from suit even in cases where officers acted

without probable cause. Id. (citations omitted) (collecting cases and noting "not 'every arrest lacking probable cause is made in bad faith' and 'Florida's waiver of sovereign immunity clearly contemplates that an agent can commit a wrongful, and even intentional, act and still lack bad faith'"). "[A] threadbare recital that a defendant 'acted maliciously and in bad faith is conclusory' and insufficient." Id. Plaintiff is cautioned that the malice standard creates a high bar.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss filed by Defendant Randal Orman, (Dkt. 30), is **GRANTED**. Counts XI, XII, XIII, and XV are **DISMISSED WITH PREJUDICE**. Count XIV is **DISMISSED WITHOUT PREJUDICE**.

2. As stated in the Court's Order Regarding Plaintiff's Responses, (Dkt. 41), Plaintiff may file an amended complaint to restate his trespass claims and allege facts to show Defendants Beebe, Burke, and Orman acted with a malicious purpose, or a wanton and willful disregard of human rights, safety, or property, to the extent Plaintiff can do so in good faith. Plaintiff may file such amended complaint on or before September 9, 2024. Plaintiff is cautioned that asserting a claim without a good faith basis may result in the imposition of sanctions.

3. If no amendment is filed in the time permitted, the dismissal of Plaintiff's trespass claims shall be with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of August 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person