UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL LEONARD THOMAS,**

    **Plaintiff,**

v.                                           **Case No: 8:23-cv-1699-MSS-TGW**

**MATTHEW BEEBE, DOUGLAS BURKE, AL NIENHUIS, and RANDAL ORMAN,**

    **Defendants.**

---

## ORDER

**THIS CAUSE** comes before the Court *sua sponte* upon consideration of Plaintiff's Notice and Amended Notice to the Court. (Dkts. 43 and 46) On August 8, 2024, the Court entered Orders that dismissed Plaintiff's constitutional claims against Defendants with prejudice. (Dkts. 41 and 42) The Court granted Plaintiff leave to amend his state law trespass claims. (Id.) Plaintiff, who is proceeding in this matter *pro se*, advises the Court that he has appealed to the Eleventh Circuit Court of Appeals the Court's dismissal of his constitutional claims with prejudice. (Dkts 43 and 46) The appeal is currently pending. (Id.)

Generally, the filing of a notice of an interlocutory appeal "'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" S.E.C. v. Kirkland, No. 06-cv-183, 2006 WL 3333672, at *1 (M.D. Fla. Nov. 16, 2006) (quoting Griggs v. Provident Consumer

Disc. Co., 459 U.S. 56, 58 (1982) (per curiam)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." Green Leaf Nursery v. E.I. Du Pont de Nemours, 341 F.3d 1292, 1309 (11th Cir. 2003) (internal quotations and citations omitted). "However, an interlocutory appeal does not completely divest the district court of jurisdiction. 'The district court has authority to proceed forward with portions of the case not related to the claims on appeal[.]'" Id. Here, Plaintiff appeals the Court's Orders dismissing his constitutional claims against Defendants. The Court is divested of jurisdiction over Plaintiff's constitutional claims. Meanwhile, however, Plaintiff has been granted leave to amend his complaint to restate his state law trespass claims and to allege facts which show Defendants Beebe, Burke, and Orman acted in bad faith when they entered his property. Plaintiff's deadline for filing an amended complaint is September 9, 2024.

While the Court "has authority to proceed forward with portions of the case not related to" Plaintiff's constitutional claims, id., allowing Plaintiff to amend the complaint before the Eleventh Circuit has decided the appeal would "alter the status of the case" in that the case before this Court would proceed upon an amended pleading that is not before the court of appeals. Id. (noting the district court properly found it lacked jurisdiction to grant the plaintiffs' motion for leave to amend the complaint but did possess jurisdiction to rule on the defendant's Rule 12(c) motion directed at claims contained in the existing, operative complaint which were not on

appeal).[1] Thus, the Court finds it appropriate to **STAY** this case pending the Eleventh Circuit's resolution of the interlocutory appeal.

Accordingly, it is hereby **ORDERED** that all proceedings in this case are **STAYED** pending the resolution of Plaintiff's interlocutory appeal, including Plaintiff's deadline to file an amended complaint. The Clerk is directed to **TERMINATE** any pending motions and **ADMINISTRATIVELY CLOSE** this case. Upon conclusion of the appeal, Plaintiff may move to reopen the case. Thereafter, any party may request reinstatement of any previously filed motion.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of August 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel of Record
Any pro se party

---

[1] The Court notes that its Order Denying Plaintiff's Motion for Summary as Premature, (Dkt. 49), did not alter the status of the case. Therefore, the Court possessed jurisdiction to deny Plaintiff's prematurely filed motion for summary judgment even after Plaintiff filed his Notices of Appeal.